IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIANA REED,

    Petitioner,

v.                                                    Civil Action No. 5:09CV8
                                                    Criminal Action No. 5:06CR18

UNITED STATES OF AMERICA,

    Respondent.

**REPORT AND RECOMMENDATION
THAT § 2255 MOTION BE DENIED AS UNTIMELY**

**I. INTRODUCTION**

On January 22, 2009, *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. Petitioner was sent a Hill v. Braxton notice January 23, 2009. Petitioner filed a response to the notice February 6, 2009.

**II. FACTS**

**A.    Conviction and Sentence**

On April 3, 2006, petitioner signed a plea agreement by which she agreed to plead guilty to a one Count Information, Conspiracy to Engage in Interstate Travel in Aid of Racketeering in violation of Title 18, United States Code, Section 371 and a forfeiture allegation. On April 12, 2006, the petitioner entered her plea in open court.

On June 29, 2006, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 60 months imprisonment. The Judgment dated June 29, 2006 was entered June 30, 2006.

**B.    Appeal**

Petitioner did not file a direct appeal.

**C.  Federal Habeas Corpus**

Petitioner contends the Government failed to seek a reduction of sentence for significant and substantial pre-sentencing assistance.

Petitioner's response to the Hill v. Braxton notice contends that she was not advised by her counsel of the one year limitation on § 2255 actions. She further contends she filed her § 2255 petition within ten (10) days of learning of the one year limitation from an inmate who had been a paralegal. Therefore, she claims the one year limitation period should be equitably tolled.

**D.  Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket as untimely.

## III.  ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy. 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

applicable to cases on collateral review[2]; or

    4.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of her conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R. Ap. P. 4(b)(1)(A) (I), (6). Petitioner's conviction became final on July 10, 2006, the date her time for filing a direct appeal expired. Therefore, she had until July 10, 2007, to file her habeas corpus under AEDPA.

In her § 2255 motion, the petitioner maintains that her motion is timely under AEDPA because she filed her motion within one (1) year of when she knew or could have known the Government was not doing what it said it would do.

---

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

3

The extraordinary circumstances test for equitable tolling requires petitioner present: 1) extraordinary circumstances, 2) beyond her control or external to her conduct; 3) that prevented her from filing on time Harris v. Hutchison, 209 F.3d 325 (4th Cir. 2000). Equitable tolling is a discretionary doctrine and therefore is dependent on the facts of each case. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

There is no allegation the federal government contributed in any way to the delay in filing the § 2255 petition. The only allegation is petitioner did not know and her lawyer in the underlying case did not tell her. Petitioner then states she filed the § 2255 within ten (10) days of learning of the one (1) year limitation.

There is no constitutional right to counsel in a federal habeas proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555-6 (1987). Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). There can only be constitutional ineffective assistance of counsel where there is a constitutional right to counsel. Coleman v. Thompson, 501 U.S. 722, 752 (1991). In the absence of constitutional ineffective assistance of counsel, lawyer error is attributable to petitioner. Id at 753. Therefore, counsel's error, if any, is attributable to petitioner. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003). The failure to file the § 2255 within one year is not external to petitioner.

Even in the case of an unrepresented prisoner, ignorance of the limitations period for filing a motion to vacate is not a basis for equitable tolling of the limitations period. United States v. Sosa, 364 F. 3d 507, 512 (4th Cir. 2004).

4

Because the petitioner did not file her § 2255 motion until January 22, 2009, it is clearly time barred.

## IV. **RECOMMENDATION**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because the petitioner is time-barred from raising her claim since her petition was filed more than one year after her conviction became final.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. The Clerk of the Court is further directed to provide a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 12, 2009

      /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE